UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ERICKA N. BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 09 C 2203 |
| | ) | |
| SEARS HOLDINGS MANAGEMENT, | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on the motion of Plaintiff Ericka Brown to dismiss the counterclaim of Defendant Sears Holdings Management Company ("Sears") for declaratory judgment pursuant to Fed. R. Civ. P. 12(b)(6) and the motion of Sears for summary judgment on the counterclaim. For the reasons set forth below, the motion to dismiss is denied and the motion for summary judgment is granted.

### BACKGROUND

According to the complaint, Brown was employed by Sears as an auditor from August 14, 2006, until March 31, 2009, when her employment was terminated as part of a reduction in force. In return for severance pay, Sears asked Brown to sign a release, which provided, in part, the following:

>I...[release Sears]...from any and all claims arising out of my employment or the termination thereof...[including] any and all common law claims....
>
>I...waive and give up any right to become, and promise not to consent to become, a member of any class in a case in which claims are asserted against [Sears] that are related in any way to my employment or the termination of my employment with [Sears]....If, without my prior knowledge and consent, I am made a member of a class in any proceeding, I will opt out of the class at the first opportunity....Excluded from this General Release and Waiver Agreement are my claims which cannot be waived by law....I do, however, waive my right to any monetary recovery should any agency or other third party pursue any claims on my behalf. I represent and warrant that I have not filed any complaint, charge, or lawsuit against [Sears] with any governmental agency and/or any court.

On April 9, 2009, Brown filed the instant suit, which alleges that Brown and similarly situated employees were misclassified as exempt and denied overtime wages in violation of the Fair Labor Standards Act ("FLSA") and the Illinois Minimum Wage Law ("IMWL") as well as common-law claims of quantum meruit and unjust enrichment. Brown asserts individual, class, and collective actions for these claims. On April 14, Sears was served with the complaint; two days later, Brown signed the release containing the language quoted above, despite the representation within it that she had not filed any complaint against Sears in any court. At present, no plaintiff other than Brown has opted into the FLSA claim and no motion for class certification has been presented on any of the state law claims.

In conjunction with answering the complaint, Sears asserted affirmative defenses and filed a counterclaim for declaratory judgment predicated on a theory that Brown

breached the terms of the release by filing this suit. The counterclaim seeks a declaration that Brown has released her common-law claims as well as her ability to proceed on the class and collective actions asserted for the IMWL and FLSA claims, respectively.

Brown now moves to dismiss Sears' counterclaim on the ground that it fails to state a claim upon which relief can be granted. Sears moves for summary judgment in its favor on the counterclaim.

## LEGAL STANDARDS

### A. Motion to Dismiss for Failure to State a Claim

Fed. R. Civ. P. 12(b)(6) evaluates the legal sufficiency of a plaintiff's complaint. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on a motion to dismiss, a court must draw all reasonable inferences in favor of the plaintiff, construe all allegations of a complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Bontkowski v. First Nat'l Bank of Cicero*, 998 F.2d 459, 461 (7th Cir. 1993); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). To state a claim on which relief can be granted, a plaintiff must satisfy two conditions: first, the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests; and second, its allegations must plausibly suggest that the plaintiff has a right to

relief, raising that possibility above a speculative level. *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007); *see also Ashcroft v. Iqbal*, — U.S. —, 129 S. Ct. 1937, 1950 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007). The court will apply the notice-pleading standard on a case-by-case basis to evaluate whether recovery is plausible. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008).

**B. Summary Judgment**

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant in entitled to summary judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of material fact exists when the evidence is such that a reasonable jury could find for the nonmovant. *Buscaglia v. United States,* 25 F.3d 530, 534 (7th Cir. 1994). The movant in a motion for summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact by specific citation to the record; if the party succeeds in doing so, the burden shifts to the nonmovant to set forth specific facts showing that there is a genuine issue of fact for trial. Fed. R. Civ. P. 56(e); *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S. Ct. 2548, 2554 (1986). In considering motions for summary judgment, a court construes

all facts and draws all inferences from the record in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S. Ct. 2505, 2513 (1986).

## DISCUSSION

**A. Motion to Dismiss**

Sears' counterclaim seeks relief in the form of a declaration of the parties' rights under the release. A release is a type of contract; its construction and enforceability are governed by principles of contract law. *Farm Credit Bank of St. Louis v. Whitlock*, 581 N.E.2d 664, 667 (Ill. 1991); *Hampton v. Ford Motor Co.*, 561 F.3d 709, 714 (7th Cir. 2009). To prevail on her 12(b)(6) motion to dismiss, Brown must demonstrate that Sears cannot plausibly demonstrate that the release could be construed as an effective waiver of her class, collective, and common law claims.

In support of her motion, Brown presents two arguments.[1] First, she asserts that her ability to initiate and participate in a collective action for her FLSA claim cannot be waived as a matter of law and therefore falls outside the scope of the release, which specifically excludes claims that cannot by law be waived. Second, she avers that any agreement to waive her ability to pursue class treatment of her IMWL claim is void as

---

[1] Brown does not set forth separate arguments for dismissal of the counterclaim with regard to her common law claims of unjust enrichment and quantum meruit or her ability to seek class treatment of the same. Rather, she states only that these claims are predicated on the same considerations as her FLSA and IMWL claims.

against the laws or public policy of the state of Illinois. We examine each of these arguments in turn.

*1. Waivability of FLSA Collective Action*

Although there are differences between a § 216(b) collective action and a class action brought under Fed. R. Civ. P. 23, none are relevant to the issues presented in this motion. For ease of reading, we will hereinafter refer to both types of concerted action as a "class action."

It is well settled that "FLSA rights cannot be abridged by contract or otherwise waived." *Barrentine v. Arkansas-Best Freight Sys.*, 450 U.S. 728, 740, 101 S. Ct. 1445 (1981). Such rights have been held to include the right to the basic statutory minimum wage, the right to overtime wages, and the right to liquidated damages. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 714, 65 S. Ct. 895, 905 (1945). Thus, Sears cannot contract itself out of paying overtime to Brown or other employees who can show that they are qualified to receive it. However, cases examining the availability of particular mechanisms for vindicating those rights have not concluded that they share the substantive and nonwaivable character of the various monetary remedies set out in § 216(b). *See Long John Silver's Rests., Inc. v. Cole*, 514 F.3d 345, 351 (4th Cir. 2008) ("opt-in" provision for collective actions); *Cameron-Grant v. Maxim Healthcare Servs., Inc.*, 347 F.3d 1240, 1249 (11th Cir. 2003) (right to act as a representative of a

collective action if no other plaintiffs have consented to proceed collectively). Accordingly, the mere fact that class actions are mentioned within § 216(b) does not create a "right" for a plaintiff to bring a class action.

Brown attempts to equate her ability to seek the remedies offered by the FLSA as part of a class with her entitlement to those remedies if she can show a violation of the statute. Though they deal with the availability of a particular forum rather than a method of proceeding within that forum, cases examining arbitrability of federal statutory right are instructive on this issue. *See, e.g., Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 26, 111 S. Ct. 1647, 1652 (1991). In *Gilmer*, the employee asserted that the inclusion of language discussing a judicial forum within a federal statute (the Age Discrimination in Employment Act) meant that Congress intended to preclude waiver of that forum via private agreements to arbitrate. The Supreme Court disagreed, reasoning that the forum in which a litigant pursues a statutory cause of action was not important as long as he or she was able to pursue the claim effectively. *Id.* at 27-28, 111 S. Ct. at 1653. The Court reached this conclusion despite the argument that the employee's ability to build a case through discovery mechanisms would be less than that available in a judicial forum. *Id.* at 31; 111 S. Ct. at 1655. Though acknowledging that some curtailment could occur, the Court did not find it significant because the

differences would not prevent the plaintiff from having a fair opportunity to present the underlying claim. *Id*.

The employee also argued that the ADEA's larger social goals, intended to benefit the public at large, would be compromised if a plaintiff could not litigate a case in a judicial forum. The Court disagreed, concluding that as the cause of action itself is not compromised, the statute would deter potential wrongdoers from engaging in unlawful practices in the first instance. *Id.* at 27-28, 111 S. Ct. at 1653. Consequently, the broader social purpose behind the statute remained intact despite the fact that the plaintiff was required to forego the judicial forum specifically set out in the statute. *Id*.

Applying the reasoning set out in *Gilmer*, we conclude that it is the underlying availability of remedies provided in the FLSA, such as back wages, liquidated damages, etc., that constitute rights that cannot be abridged by private agreement, rather than the dispute resolution mechanisms that can be employed to determine legal entitlement to those remedies. There is no reasoned basis to treat the methods employed in lining up the parties to the dispute differently than the forum in which the case is brought, as long as the remedies provided by the statute are not compromised. Brown remains able to pursue the full pay for the work that she performed for Sears, plus liquidated damages, attorneys' fees, and costs if she is able to prove that Sears violated the FLSA, so her FLSA rights are not affected by her inability to litigate via a class action.

Consequently, we disagree that Brown could not as a matter of law waive her ability to bring a class action under the FLSA.

Because none of Brown's potential remedies are necessarily jeopardized if she is deemed to have released her ability to proceed in a class action, her subordinate argument that the approval of the Department of Labor or a court is necessary fails as well. The allegations of the counterclaim plausibly suggest that Sears has a right to declaratory relief that the release precludes Brown from pursuing a class action under § 216(b) of the FLSA.

*2. Waivability of IMWL Class Action*

With respect to the counterclaim's cognizability on the provisions of the IMWL, Brown contends that the terms of the release are void. She asserts that if the release is construed to waive her ability to pursue her IMWL claims in a Rule 23 class action, that will be tantamount to permitting Sears to avoid its legal obligations to the class as a whole. As mentioned earlier, no motion for class certification has been filed in this case; at present, no class of employees seeking relief against Sears under the IMWL exists. Consequently, our decision with respect to the issues addressed in this opinion pertain only to Brown's individual claim, which is the only claim that is currently before the court.

Under Illinois law, a contract that calls for conduct that would violate a law or the public policy of the state is unenforceable. *Braye v. Archer-Daniels-Midland Co.*, 676 N.E.2d 1295, 1302-03 (Ill. 1997). Brown relies upon the expression of public policy in 820 ILCS 105/2 that

> [i]t is against public policy for an employer to pay his employees an amount less than that fixed by this Act...[p]ayment of any amount less than herein fixed is an unreasonable and oppressive wage...[a]ny contract, agreement or understanding for or in relation to such unreasonable and oppressive wage for any employment covered by this Act is void.

Brown again asserts that her ability to obtain the wages assured by the IMWL would be compromised if she can do so only on an individual basis. For the same reasons stated on this issue in our discussion of Brown's FLSA class action, we disagree that Brown will be forced to accept pay less than that set by the IMWL if she can show that her employment is covered by the IMWL unless she can proceed as part of a group. In short, the release does not compromise the rights afforded by the statute or the public policy underpinning it, so it cannot be said to be unenforceable as a matter of law. Dismissal under Rule 12(b)(6) is therefore not warranted, and Brown's motion is denied.

**B. Motion for Summary Judgment**

In support of their motion for summary judgment, Sears posits that the release is dispositive and therefore they are entitled to judgment in their favor on the claims

within its purview. The mere existence of an executed release does not always end the inquiry, *see, e.g.*, *In re American Express Merchants' Litigation*, 554 F.3d 300, 320 (2d Cir. 2009); *Skirchak v. Dynamics Research Corp.*, 508 F.3d 49, 57-63 (1st Cir. 2007) (finding a class action waiver unconscionable under Massachusetts state law), but in this case Brown makes no arguments regarding the validity of the waiver other than those embodied within her motion to dismiss the counterclaim. Since those arguments are not meritorious, Sears is entitled to a declaration that the agreement Brown executed operates to release them from liability for her class action claims as well as the individual common law claims set out in her complaint. Consequently, the motion for summary judgment on those claims is granted.

## CONCLUSION

Based on the foregoing analysis, Brown's motion to dismiss the counterclaim [18] is denied and Sears' motion for summary judgment [22] is granted.

_____
Charles P. Kocoras
United States District Judge

Dated:  August 17, 2009